Michael D. Nord (D.C. Bar No. 422449)
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Tel: (410) 385-5072
Email: mnord@gebsmith.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In Re:** | * | |
| **1416 EASTERN AVE NE LLC** | * | Case No. 24-00180-ELG |
| **945 LONGFELLOW ST NW LLC** |   | Case No. 24-00181-ELG |
| **2501 NAYLOR RD SE LLC** | * | Case No. 24-00182-ELG |
| **4303-13 WHEELER RD SE LLC** |   | Case No. 24-00183-ELG |
| **4263 6TH ST SE APARTMENTS LLC** | * | Case No. 24-00184-ELG |
| **4935 NHB AVE NE LLC** |   | Case No. 24-00185-ELG |
| **3968 MLK LLC** | * | Case No. 24-00186-ELG |
| **4010 9TH ST SE LLC** |   | Case No. 24-00187-ELG |
| **2440 S ST SE LLC** | * | Case No. 24-00188-ELG |
| **4400 HUNT PL NE LLC** |   | Case No. 24-00189-ELG |
| | * | **NOT JOINTLY ADMINISTERED** |
| **Debtors.** | * | **Chapter 11** |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**JOINDER OF TD BANK, N.A. TO THE UNITED STATES TRUSTEE'S MOTION TO DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. 1104(a) OR, IN THE ALTERNATIVE, TO CONVERT CHAPTER 11 CASES**

TD Bank, N.A. ("TD Bank") joins in the Motion to Direct the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) Or, in the Alternative, to Convert Chapter 11 Cases filed by the United States Trustee ("UST Motion"). Specifically, TD Bank requests that this Court grant the Motion of the United States Trustee ("UST") to convert each one of these ten Chapter 11 bankruptcy cases to Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code"), or in the alternative, to authorize the UST to appoint a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(a) of the Bankruptcy Code. In support thereof, TD Bank states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4. TD Bank is a national banking association and a secured creditor of the Debtors in each of these Chapter 11 cases.

5. The Debtors for the ten properties listed in the caption are limited liability companies. Ali Razjooyan ("Razjooyan") signed each of the ten voluntary petitions placing the properties under the protection of the United States Bankruptcy Court for the District of Columbia.

## RELIEF REQUESTED

6. By this Joinder, TD Bank joins the UST Motion filed in each of the ten bankruptcy proceedings on the grounds set forth in the UST Motion.

## JOINDER AND BASIS FOR RELIEF

7. TD Bank joins the UST in seeking a motion to direct the appointment of a Chapter 11 Trustee in each of the ten Chapter 11 cases, or in the alternative, to convert each of Debtor's Chapter 11 bankruptcy proceedings to Chapter 7, pursuant to Sections 1104 and 1112 of the Bankruptcy Code, 11 U.S.C. §§ 1104 and 1112, on the grounds that there is cause to find "fraud, dishonesty, incompetence" and "gross mismanagement" as exhibited by Razjooyan's testimony at the June 4, 2024 hearing.

8. The UST Motion contains several reasons to justify its granting. TD Bank incorporates herein all those reasons. In addition, these cases have been pending for more than a month. No motion for use of cash collateral has been filed by the Debtors, and there is no

evidence that any of the properties that secure TD Bank's obligations are being kept up, serviced, or maintained. No budgets have been submitted and no property management company has been retained.

9. Accordingly, this Court should convert these ten Chapter 11 cases, or in the alternative, direct the United States Trustee to appoint a Chapter 11 Trustee. The Debtors should not be permitted to enjoy the benefits of bankruptcy protection but avoid their obligations, specifically putting the tenants and the properties at risk. Dismissal of these cases is not in the best interests of the Debtors' creditors or their estates, unless the Court were to dismiss the cases with prejudice to allow TD Bank to conduct the foreclosures, all of which were stopped when the Debtors initially filed these bankruptcy cases.

10. TD Bank prefers that the Court convert each of these cases. Only as an alternative to conversion does TD Bank seek the appointment of a Chapter 11 Trustee. TD Bank contends that a conversion is in the best interests of the Creditors and the estates, as it constitutes a more efficient, economical, and cost-effective way to administer these cases.

WHEREFORE, TD Bank requests that these cases be converted to Chapter 7, or in the alternative, directing the appointment of a Chapter 11 Trustee.

Date: July 19, 2024

Respectfully submitted,

*/s/ Michael D. Nord*
Michael D. Nord
(D.C. Bar No. 422449)
Elizabeth Drayden Peters
(D.C. Bar No. 90012126)
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Tel: (410) 385-5072
Email: mnord@gebsmith.com
*Counsel for TD Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of July, 2024, I caused the foregoing Joinder to be sent electronically via the CM/ECF Electronic Filing System to all counsel of record.

                                            */s/ Michael D. Nord*
                                            Michael D. Nord, D.C. Bar No. 422449